1  Ester Mazza
   Walter Mazza
2  390 Redwing Cir.
   Corona, CA 92882
3  (951) 870-7339
   No Fax
4  No Email

5  IN PRO PER

FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
2018 APR 13  AM 10: 15
BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KMC INVESTMENT CORP.

Plaintiff(s),

vs.

ESTER MAZZA, WALTER MAZZA DOES 1 TO 10

Defendant(s).

Case No.: ED CV18-00751 JGB (SPx)

NOTICE OF REMOVAL UNDER 28 U.S.C. 1332, 1391, 1441 (a) and 1446

SUPERIOR COURT OF CALIFORNIA
CASE NO.: RIC1723693

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. 1332, 1391, 1441 (a) and 1446, the Defendant's, Ester Mazza and Walter Mazza, Pro Se, files this Notice of Removal of this case from the Superior Court of California, County of Riverside, to the United States District Court for the Central District of California. In support of this Notice of Removal, Defendant states as follows:

## CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1. On or about December 18, 2017, Plaintiff commenced an action in the Superior Court of California, in Riverside County against the Defendant/Cross Plaintiff. Defendant/Cross Plaintiff

- 1 -
COMPLAINT REMOVING TO FEDERAL COURT

1. currently has a pending Complaint filed against the Plaintiff for Various Violations of the California Civil Code, Declaratory Relief, and/or Intentional Misrepresentation and other causes of action against the Plaintiff of this case.

2. Defendant/Counter Plaintiffs presently seek judgment against Plaintiff for injuries that Defendant/Counter Plaintiffs allegedly suffered as a result of various violations under the Fair Debt Collection Practices Act. Defendant/Counter Plaintiff's claims against Plaintiff are based on Plaintiff's alleged misrepresentation of the amount of debt due, and their own fraudulent actions.

3. True and correct copies of the Summons, Complaint and other pleadings or orders are Attached as Exhibit "A" and incorporated by reference.

4. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. 1331. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. 1441 because it is a civil action based upon the Federal Debt Collection Practices Act.

5. Venue is proper in this Court because the State Court Action is pending in the Superior Court of California, Riverside County. See 28 U.S.C. 1441 (a).

## COMPLETE DIVERSITY OF CITIZENSHIP

6. There is complete diversity of citizenship between the parties.

    a) Plaintiff is incorporated in a state other than California and their principal places of business are located in states other than California. Thus, Plaintiff is not a citizen of California.

    b) Defendant/Counter Plaintiff is a citizen of California, residing in Riverside County.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

7. Plaintiff does not quantify the amount of damages they seek to recover in this case. See complaint, Prayers for Relief. From the face of the Complaint, however, it is apparent that the amount in controversy more likely than not exceeds $75,000.00, exclusive of interest and costs.

8. "The amount in controversy is ordinarily determined by the allegations of the Complaint, or, where they are not dispositive, by the allegations in the Notice of Removal". See *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), cert denied, 516 U.S. 863 (1995).

9. When the plaintiff's damages are unquantified in the Complaint, the amount in Controversy can be established by allegations in the Removal Notice by reference to allegations on the face of the Complaint. Cv. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir 2001). More specifically, the amount in controversy requirement can be satisfied by showing that it is facially apparent from the Complaint that the claims more likely than not exceed $75,000.00. See *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); Accord *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); See also *Gilmer v. The Walt Disney Co., ET all.*, 915 F. Supp. 1001, 1007 (W.D. Ark 1996).

10. Here, the amount in controversy more like than not exceeds $75,000.00 based on Plaintiff's claims, their alleged injuries and the recovery sought.

11. Defendant/Counter Plaintiff denies the allegations in the Complaint. Taking those allegations on their face as true, however, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiff's claims, as evidenced by the documents attached hereto as Exhibit "A" demonstrate an amount in controversy in excess of $75,000.00

12. Given the complete diversity of the real parties and an amount in the controversy in excess of $75,000.00, this Court has jurisdiction over the causes of action and claims asserted in the State Court Action pursuant to 28 U.S.C. 1332, and this action properly is removable pursuant to 28 U.S.C. 1441.

13. Diversity jurisdiction further exists in this case based on the following:

   A. The Plaintiff, KMC INVESTMENT CORP., and/or its Successors and/or Assignees in Interest, cannot state a claim for return of, damages to or diminution in volume of assets it does not own, or can prove ownership.

   B. Based on its lack of ownership of the subject property, the Plaintiff, KMC INVESTMENT CORP., and/or its Successors and/or Assignees in Interest, has no standing to bring the claims set forth in their Complaint or Motion.

C. Due to the fact that the Plaintiff, KMC INVESTMENT CORP., and/or its Successors and/or Assignees in Interest, cannot state a claim upon which relief may be granted, the only proper parties to this action are the Defendant/Cross Plaintiff.

14. If the party with no standing is disregarded, this Court has original jurisdiction over the action pursuant to 28 U.S.C. 1332, and this case may be removed to this Court pursuant to U.S.C. 1441 (a).

## OTHER ISSUES

15. This Notice of Removal is timely filed. See 28 U.S.C. 1446(b).

16. This Notice of Removal has been served on Plaintiff's counsel. A Notice of Filing of Notice of Removal to Federal Court (attached as Exhibit "A") will be filed in the Superior Court of California, County of Riverside, as soon as this Notice of Removal has been filed in this Court.

17. A Copy of the complete record maintained by the Clerk of the Superior Court, County of Riverside, California is attached to this Notice of Removal as Exhibit "A".

## CONCLUSION

Because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1332. Defendant is therefore entitled to remove this case to this Court pursuant to 28 U.S.C. 1441.

Wherefore, Defendant requests that the action now pending before the Superior Court of California, County of Riverside, Civil Action No. RIC1723693, be removed to this Court.

DATED: 04/13/2018

_Ester Mazza,_ In Pro Per

_Walter Mazza,_ In Pro Per

# Exhibit "A"

COMPLAINT REMOVING TO FEDERAL COURT

01/12/2018 07:16 FAX 714 821         0                                               ☒0002/0016

SUM-130

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ESTER MAZZA, WALTER MAZZA, DOES 1 TO 10 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KMC INVESTMENT CORP

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

1. The name and address of the court is:
   (El nombre y dirección de la corte es):
   RIVERSIDE SUPERIOR COURT
   4050 MAIN STREET
   4050 MAIN STREET
   RIVERSIDE, CA 92501
   RIVERSIDE

   CASE NUMBER:
   (Número del caso): RIC1723693

   951-689-9644
   951-352-2325 FAX

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
   BARRY LEE O'CONNOR, ATTORNEY AT LAW, BAR #134549         951-689-9644
   BARRY LEE O'CONNOR, A PROFESSIONAL LAW CORP.              951-352-2325
   3691 ADAMS STREET
   RIVERSIDE, CA 92504

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415) [X] did not [ ] did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date: 12-18-17
(Fecha)

Clerk, by _____/S/_____, Deputy
(Secretario)                     (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)            [ ] other *(specify):*

5. [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

SUMMONS—UNLAWFUL DETAINER—EVICTION

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 415.456, 1167

01/12/2018 07:17 FAX 714 821    ̄ 0                                          ☒0003/0016

```
1  BARRY LEE O'CONNOR & ASSOCIATES, A PLC
   BARRY LEE O'CONNOR, ATTORNEY AT LAW, BAR #134549
2  3691 ADAMS ST.
   RIVERSIDE, CA 92504
3

4  (951) 689-9644

5  Attorney(s) for PLAINTIFF

6

7

8         SUPERIOR   COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

9                            RIVERSIDE

10 KMC INVESTMENT CORP              )  No. RIC1723693
                                    )
11              Plaintiff(s)        )  COMPLAINT FOR UNLAWFUL
                                    )  DETAINER AFTER FORECLOSURE
12       VS.                        )  [CCP SEC.1161A]
                                    )  DEMAND LESS THAN $10,000.00
13 ESTER MAZZA, WALTER MAZZA, DOES 1 TO 10 )
   INCLUSIVE                        )
14              Defendant(s)        )
                                    )
15       Plaintiff alleges:

16       1.   Plaintiff is a limited liability company authorized to do
17 business and is doing business within the State of California.

18       2.   Plaintiff is informed and believes, and thereon alleges,
19 that Defendants Ester Mazza, Walter Mazza, DOES 1 TO 10 INCLUSIVE, are
20 individuals who reside at 390 Redwing Cir Corona CA 92882, County of
21 Riverside, State of California, in this judicial district.

22       3.   Plaintiff seeks to recover possession of the premises by
23 this action.

24       4.   The true names and capacities, whether individual,
25 corporate, associate or otherwise of Defendants sued as Does 1 through
26 10 are unknown to Plaintiff, who therefore sues said Defendants
27 ///
28
```

COMPLAINT FOR UNLAWFUL DETAINER
PAGE 1 OF 4

1 | by such fictitious names, and Plaintiff will amend this Complaint to show
2 | their true names and capacities when the same have been ascertained.
3 |     5.     On or about 03/15/17, a foreclosure sale was held and
4 | Plaintiff took title to the subject property at the foreclosure sale and
5 | received an executed Trustee's Deed upon Sale, which was recorded in the
6 | Official records in the office of the County Recorder of Riverside
7 | County, California. A true and correct copy of the Trustee's Deed Upon
8 | Sale is attached hereto as Exhibit "A" and is incorporated herein by
9 | reference.
10 |    6.     On 12/13/17, A Three/Ninety Day Notice to Quit and Notice of
11 | Tenants Rights were served on Defendants, Ester Mazza, Walter Mazza, DOES
12 | 1 TO 10 INCLUSIVE, for the period stated in the Notice has expired. A
13 | copy of the Notice is incorporated by reference and attached as Exhibit
14 | "B".
15 |    7.     Defendant's possession of the premises is without Plaintiff's
16 | consent and Plaintiff demands immediate possession of the premises.
17 |    8.     The reasonable value of the use and occupancy of the premises
18 | is the sum of $50.00 per day, and damages have accrued to Plaintiff at
19 | that rate since 12/17/17, and will continue to accrue at that rate so
20 | long as Defendants remain in possession of the premises. Plaintiff waives
21 | all damages in excess of $25,000.00.
22 |        WHEREFORE, Plaintiff prays judgment for:
23 |    1.     For restitution of the premises;
24 |    2.     For the reasonable value of the use and occupancy of the
25 | premises in a sum according to proof, until the date that Judgment is
26 | entered;
27 | ///
28 |

01/12/2018 07:18 FAX  714 821     0                                                                          ☒0005/0016

3.  For costs of suit; and

4.  For such other and further relief as the court deems proper.

Dated: 12/18/17

/S/
_____

Barry Lee O'Connor

Attorney for Plaintiff

COMPLAINT FOR UNLAWFUL DETAINER
PAGE 3 OF 4

```
1  Ester Mazza
   Walter Mazza
2  390 Redwing Cir.
   Corona, CA 92882
3  (951) 870-7339
   No Fax
4  No Email

5  IN PRO PER
```

SUPERIOR COURT, STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| KMC INVESTMENT CORP. | Case No.: RIC1723693 |
| Plaintiff(s), | **DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT** |
| vs. | |
| ESTER MAZZA, WALTER MAZZA DOES 1 TO 10 | |
| Defendant(s). | |

TO: THE CLERK OF THE ABOVE-ENTILED COURT, AND COUNSEL OF RECORD

PLEASE TAKE NOTICE that defendants, Ester Mazza and Walter Mazza, today filed in the office of clerk of the United States District court for the Central District of California, a Notice and Petition removing the above-captioned pending action to The united states District Court.

FEDERAL CASE# ED CV18-00751 JGB (SPx)

Pursuant to 28 U.S.C. 1446(d), the filing of The Petition for Removal with the clerk of the District Court together with giving of this notice **"shall effect the removal and The State Court shall proceed no further unless and until the case is remanded"** by the United States Court for The Central District of California.

Dated: 04/13/2018           BY: _[signature]_

                                ESTER MAZZA, In Pro Per

-6-
COMPLAINT REMOVING TO FEDERAL COURT

```
                                          _____
                                          WALTER MAZZA, In Pro Per
```

- 7 -
COMPLAINT REMOVING TO FEDERAL COURT

# CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that on 04/13/2018, she served a copy of

# NOTICE OF REMOVAL

By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places and address shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Van Nuys, California.

Barry Lee O'Connor & Associates, A PLC

Attn: Barry Lee O'Connor Attorney at Law, Bar #134549

3691 Adams St.

Riverside, CA 92504

_____

Alexia Becerra